IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRISCILLA BORGES,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　　C.A. No. 25-541 (JLH)
　　　　　　　　　　　　　　　　　　)
TRANS UNION, LLC, *et al.*,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　)

**<u>MEMORANDUM ORDER</u>**

*Pro se* Plaintiff Pricilla Borges filed this action in state court.  On May 2, 2025, Defendant

Trans Union, LLC, removed to this court.  Plaintiff's complaint names three credit reporting

agencies as Defendants: Trans Union LLC; Equifax Information Solutions, Inc.; and Experian

Information Solutions, Inc.  Plaintiff alleges that her credit reports reference a bankruptcy filing

and that each Defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b) and 1681i

when it (i) reported the bankruptcy filing on Plaintiff's credit report, (ii) failed to disclose to

Plaintiff the source of its information regarding the bankruptcy, and (iii) failed to conduct a

reasonable reinvestigation regarding the bankruptcy information.  Defendants moved to dismiss.

(D.I. 12, 18, 19.)

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough.  *Id.*  "Where

a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendants argue that the complaint fails to state a claim under the Fair Credit Reporting Act because it fails to plausibly allege that the bankruptcy information on Plaintiff's credit reports was inaccurate. I agree. To state a claim under the Fair Credit Reporting Act for failure to follow reasonable procedures or conduct a reasonable reinvestigation as required by 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff needs to plausibly allege that Plaintiff's credit reports contained inaccurate information. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 344–45 (3d Cir. 2022) ("[A] plaintiff must show an inaccuracy to proceed under either § 1681e(b) or § 1681i(a) . . . ."). Plaintiff's complaint does not allege that she did not file for bankruptcy, nor does it plausibly suggest that the reporting of her bankruptcy on her credit reports was inaccurate.[1] Accordingly, Plaintiff's complaint will be dismissed.

_____

[1] The complaint alleges that Plaintiff's LexisNexis report does not mention the bankruptcy, but that allegation is insufficient to raise a plausible inference that Plaintiff's credit reports contained inaccurate information. Publicly-accessible court records confirm that a person with Plaintiff's name, address, and social security number filed for bankruptcy in 2024 in the United States Bankruptcy Court for the District of Delaware.

Plaintiff will be granted leave to amend to cure the deficiencies in her pleading.  But Plaintiff is cautioned that any amended complaint must contain sufficient factual allegations for the Court to assess the plausibility of any contention that her credit reports contained inaccurate information.  Should the amended complaint fail to explain how or why Plaintiff's credit reports were inaccurate, it may be dismissed for failure to state a plausible claim.

NOW, THEREFORE, on this 15th day of December, 2025, IT IS HEREBY ORDERED that:

1.      Defendants Equifax Information Services, LLC's, and Experian Information Solutions, Inc.'s motions to join Defendant Trans Union, LLC's motion to dismiss (D.I. 18, 19) are **GRANTED**.

2.      Defendants' motions to dismiss (D.I. 12, 18, 19) are **GRANTED**.

3.      The complaint (D.I. 1-3) is **DISMISSED** without prejudice.  Plaintiff is granted leave to file an amended complaint on or before January 15, 2026.  Should no amended complaint be timely filed, the Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Jennifer L. Hall
United States District Judge

3